Filed 7/7/15  Jose P. v. Super. Ct. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOSE P.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>　　　　Respondent;<br><br>DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　　Real Party in Interest. | B263335<br>(Los Angeles County<br>Super. Ct. No. CK99083) |

APPEAL from an order of the Superior Court of Los Angeles County, Terry T. Truong, Judge.  Petition denied.

Gina Zaragoza for Petitioner.

Office of the County Counsel, Mark J. Saladino, County Counsel, and Navid Nakhjavani, Deputy County Counsel, for Real Party in Interest.

Jose P., the presumed father of two and one half year-old J.P. (the child), has filed a California Rules of Court, rule 8.452 extraordinary writ petition. The father seeks to set aside a dispositional order made on March 17, 2015, setting the dependency proceedings for a Welfare and Institutions Code section 366.26[1] parental termination rights hearing. This order followed the sustaining of a section 342 petition. The child had been removed from the father's custody 23 months earlier. Ruling that the time for providing services had expired, the juvenile court denied further reunification services and proceeded to set a section 366.26 hearing. The father contends he was denied a contested hearing and such was an abuse of discretion. The father also argues he was not given notice the juvenile court would not order reunification services. And the father contends a further period of reunification services was not contrary to the child's best interests.[2] We deny the petition.

First, the father's contention the denial of a contested hearing was an abuse of discretion is forfeited by his failure to object in the juvenile court. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293; accord, *In re A.B.* (2014) 225 Cal.App.4th 1358, 1365-1366; *In re A.A.* (2012) 203 Cal.App.4th 597, 605-606.) At the March 17, 2015 hearing, the father's counsel, Gina Zaragoza, stated she did not receive notice the juvenile court would not follow the department's recommendation. However, Ms. Zaragoza did not request a contested hearing. Also, Ms. Zaragoza did not join in the mother's requests to continue the matter for a contest and to file points and authorities on whether reunification services could be ordered. As father did not request a contested hearing, the contention on appeal is forfeited.

Second, the denial of further reunification services did not constitute an abuse of discretion. (*San Joaquin Human Services Agency v. Superior Court* (2014) 227 Cal.App.4th 215, 223; *In re William B.* (2008) 163 Cal.App.4th 1220, 1229.)

---

[1] All further statutory references are to the Welfare and Institutions Code unless stated otherwise.

[2] Real Party in Interest, the department, filed a letter brief advising that, since its recommendation below was that further reunification services should be offered, it would not file a brief supporting the order for no further reunification services.

The maximum time period during which child welfare services, including reunification services, may be provided shall not exceed 18 months from the date physical custody was taken from the parent. (§ 361.5, subd. (a)(1), (3); see *In re T.W.* (2013) 214 Cal.App.4th 1154, 1165.) The 18-month time frame may be extended up to a maximum period of 24 months only if the juvenile court makes 2 findings. Initially, the juvenile court must find it is in the child's best interest to have the reunification services time period extended. And the juvenile court must find there is a substantial probability the child will be returned to the parent's physical custody within the additional time period. (See § 361.5, subd. (a)(4); *San Joaquin Human Services Agency v. Superior Court, supra,* 227 Cal.App.4th at pp. 222-223.) In this case, the extension could have only been for one month because that is all that remained of the 24 month period following the child's detention.

The father makes no contention that the child's "best interests" required that one more month of services be provided. Nor does the father contend it was likely he would achieve reunification within one additional month. The father does not address the applicable law, section 361.5, at all. The child became a juvenile court dependent because he suffered from a fractured right tibia and healing and acute fractures of six ribs. All of these injuries were unexplained and deliberately inflicted while in the father's sole care. To compound matters, the father had a history of domestic violence. Completion of a 52-week domestic violence and anger management program did not rehabilitate the father. The father was reunified with the child on January 24, 2015. The next day, the father severely beat the mother in the child's presence. Photographs of the injuries depicted significant swelling and bruising around the mother's eyes. Thereupon, the child was redetained. Moreover, the juvenile court's new dispositional orders following the sustaining of the section 342 petition required the father to complete: another 52 week-long domestic violence counseling program; anger management counseling; and individual counseling. The father's visits were restricted to monitored visitation. Under these circumstances, the juvenile court could reasonably rule that there is no probability the father would reunify with the child in one month. And, the juvenile court could

3

reasonably find it would not be in the child's best interest to participate in one more month of reunification services. Finally, the juvenile court could reasonably conclude that it was not in the child's best interest to be reunified with the father, who has a track record of violent conduct. Accordingly, denial of one more month of reunification services without a contested hearing was not an abuse of discretion.

The extraordinary relief writ petition is denied.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.